UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01815-JHN-CWx | Date | June 25, 2010 |
|---|---|---|---|
| Title | Rebecca Gonzales et al v. Kaiser Foundation Hospitals et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE REMAND TO LOS ANGELES COUNTY SUPERIOR COURT

I. BACKGROUND

Plaintiffs, formerly employed by Defendants as registered nurses, brought this suit against Defendants on December 29, 2009 in Los Angeles County Superior Court. Plaintiffs allege the following seven state law causes of action: (1) wrongful termination in violation of public policy; (2) violation of Labor Code §§ 1050 and 1052; (3) Labor Code violations; (4) defamation; (5) intentional infliction of emotional distress; (6) violation of Business and Professions Code §17200; and (7) negligent infliction of emotional distress.

On March 12, 2010, Defendants timely removed this action to federal court. The Notice of Removal states that Plaintiffs' causes of action for violations of California Labor Code provisions, defamation, and infliction fo emotional distress "simply are artfully pled claims" "preempted by Section 301 of the Labor Management Relations Act of 1947[.]" (Notice of Removal ¶ 4(a).) Defendants assert that removal is proper because the resolution of Plaintiffs' claims "require[s] the interpretation of the just cause, overtime, compensation and other provisions set forth in the applicable collective bargaining agreement, even if their claims are not expressly characterized as LMRA claims." (*Id.* at ¶ 4(d).)

II. LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. *Id.* at § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Federal courts "strictly construe a removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01815-JHN-CWx | Date | June 25, 2010 |
|---|---|---|---|
| Title | Rebecca Gonzales et al v. Kaiser Foundation Hospitals et al | | |

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where only a federal claim exists or where a state claim is completely preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Generally, though, a plaintiff remains "master of the claim" and may avoid federal jurisdiction by reliance on state law. *Caterpillar, Inc.*, 482 U.S. at 392.

III. DISCUSSION

Based on Defendants' Notice of Removal, the Court cannot conclude that removal jurisdiction is proper in this case. Defendants' basis for federal question jurisdiction is that the resolution of Plaintiffs' claims requires interpretation of provisions within the collective bargaining agreement ("CBA") governing Plaintiffs' employment. (Notice of Removal ¶ 4(d).) However in *Caterpillar, Inc.*, the Supreme Court rejected arguments analogous to those Defendants now assert. In that case, the Court found removal improper, because respondents' state-law complaint for breach of employment contracts was not completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"). *Caterpillar, Inc.*, 482 U.S. at 388, 399. Like the respondents in *Caterpillar, Inc.*, Plaintiffs may have substantial rights under the CBA, which would provide a cause of action under LMRA § 301, but as masters of the Complaint, Plaintiffs may have chosen not to assert those rights. *See id*. at 395.

If Defendants have correctly stated that Plaintiff's claims cannot be resolved without first interpreting the terms of the applicable CBA, then Plaintiffs' state law claims are preempted and removal jurisdiction is proper. *See Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000). If, on the other hand, Plaintiffs' claims are "not duplicative of the protection federal labor policy posits in the collective bargaining process[,]" such claims are not preempted by the LMRA and removal jurisdiction may be improper. *See Eldridge v. Felec Servs., Inc.,* 920 F.2d 1434, 1438 (9th Cir. 1990) (internal quotations omitted). However, on the present record, the Court is unable to ascertain the propriety of removal.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01815-JHN-CWx | Date | June 25, 2010 |
|---|---|---|---|
| Title | Rebecca Gonzales et al v. Kaiser Foundation Hospitals et al | | |

IV. CONCLUSION

**For these reasons, the parties are ORDERED TO SHOW CAUSE as to a basis for federal jurisdiction, or lack thereof, no later than July 8, 2010.**  Each party is ordered to submit a brief, not to exceed five (5) pages.  No hearing is scheduled, and the matter will be deemed submitted upon the Court's receipt of the parties' briefs.

**IT IS SO ORDERED**.

|  | 0 : 00 |
|---|---|
| Initials of Preparer | CSI |